IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAMIE CHAVEZ,

      Plaintiff,

v.                                                                                                       No. 18cv1108 RB/KK

REPUBLICAN PARTY LEADERSHIP,
c/o Donald J. Trump,

      Defendants.

## **MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** comes before the Court on Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (Doc. 1 ("Compl.")), filed November 29, 2018, and Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2 ("Application")), filed November 29, 2018.

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case . . . .

*Menefee v. Werholtz*, 368 F. App'x. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 F. App'x. 667, 669 (10th Cir.

2008) (citing *Holmes v. Hardy*, 852 F.2d 151, 153 (5th Cir. 1988)). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs . . . ." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit declaring that she is unable to pay the costs of these proceedings and that the following information is true: (i) her average monthly income amount during the past 12 months is $3,692.77 in child support and disability payments; (ii) her total monthly expenses are $3,724.00; (iii) she has $6.43 in a bank account; and (iv) five persons rely on her for support. The Court finds that Plaintiff is unable to pay the filing fee because her monthly expenses exceeds her monthly income and five persons rely on her for support.

**Dismissal of the Case**

> Plaintiff alleges that:
>
> Donald J. Trump and every member of the Republican Parties Leadership is intentionally and systematically destroying every aspect of government. . . . By use of tear gas and pepper spray at the U.S. Border, Donald J. Trump, through the negligent use of military and economic supremacy has executed a savage injustice of engendering terrorism, terrorizing tribal societies, and traumatizing communities. . . . Through lying, contradiction, and denial, Donald J. Trump and the Republican Leadership have aggravated the most dangerous existential threats of Global Warming and nuclear war while simultaneously opposing several forms of renuable [sic] energy with the intent to destroy the prospects of Human existence.

(Compl. at 3–4.) Although she did not list them as defendants or identify them by name or otherwise, Plaintiff alleges that the "Leadership" of the New Mexico National Guard wrongfully imprisoned her, labeled her as a domestic terrorist, wrongfully terminated her, and used public

resources to harass her via the Santa Fe Police Department. (*Id.* at 2.) Plaintiff's request for relief includes: (i) "Death of Donald J. Trump via hand to hand combat by Plaintiff Ramie W. Chavez;" (ii) "$999,999,999.99 for Plaintiff Theory of Everything;" (iii) "Anything else the Judge deems necessary;" (iv) "Legalization of Prostitution;" and (v) "End or WWWIII." (*Id.* at 5.)

The Complaint fails to state a claim. Plaintiff fails to state with any particularity what each Defendant did to Plaintiff, when the Defendants committed these alleged unspecified actions, or how those actions harmed Plaintiff. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The Court dismisses this case for failure to state a claim. Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915. Section 1915(e)(2) states that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed November 29, 2018, is **GRANTED.**

(ii) This case is **DISMISSED without prejudice.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE